## Louisville, N. A. & C. Ry. Co. v. L. Heilprin & Co.

1. DEPOSITIONS—*When Irregular and Not Admissible.*—Depositions, taken by a commissioner and not returned to the justice issuing the *dedimus* as required by law, but delivered to the attorneys and kept by them until the trial and then presented unsealed, etc., are irregular and not admissible.

2. COMMON CARRIERS—*When Not Liable for Full Value of Property.*—Mere omission of a common carrier to transport and deliver property to the consignee within a reasonable time, does not necessarily render him liable for its value.

3. SAME—*Damages for Failure to Transport in Reasonable Time.*—If merchandise is not delivered at its destination in a reasonable time, for any fault of the carrier, the measure of damages is the difference in the value of such merchandise at such destination, when it was, in fact, delivered, and when it should have been, in the usual course of transportation.

4. SAME—*When Not Ordered to Return Merchandise Not Liable for Conversion.*—Where a common carrier receives merchandise from a consignor to transport, and which, through delay in reaching destination, is refused by the consignee, there is no obligation on the part of the carrier to return it to the consignor unless ordered so to do, and its failure to so return it is not a conversion of the goods.

**Assumpsit.**—Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed June 10, 1901.

This suit was begun before a justice of the peace by appellee to recover from appellant, a common carrier, its damages by reason of failure of appellant to deliver certain goods consigned to it by appellee for shipment. The goods were not lost, but were delayed in transit, and when finally at destination, were refused by the consignee because of the delay. Appellee, the consignor, never made demand for return of the goods to it, and the goods still remain in the depot of appellant at the place of destination.

Appellee recovered before the justice of the peace, and appellant appealed from the judgment to the Circuit Court. Upon the trial in the Circuit Court a jury was waived. The court admitted as part of the evidence proffered by appellee, depositions of witnesses Dillingham and Carr, which depositions had never been filed, so far as the record discloses, either in the court of the justice of the peace or in the Circuit Court. The court found the issues for appellee and assessed its damages at an amount equal to the value of the goods. From judgment thereon this appeal is prosecuted.

L. L. Smith, attorney for appellant.

Martin M. Gridley, attorney for appellees.

Mr. Justice Sears delivered the opinion of the court.

It is contended by counsel for appellant that the judgment should be reversed, first, because the depositions of Dillingham and Carr were erroneously received as evidence on behalf of appellee, and secondly, because, even if the

depositions be considered as properly received, yet the appellee failed to show that it, the consignor, had ever made any demand upon the appellant, the carrier, for a return to it of the goods shipped, and therefore the true measure of the damages for the delay in shipment is not the value of the goods, but the difference in their value between the time when they should have been delivered by the carrier, and the time when they actually were delivered and offered to the consignee.

We are of opinion that the contention is sound in each particular.

The depositions do not appear to have been ever returned to the justice of the peace who issued the *dedimus*, nor to have been ever used or filed in his court, or filed in the Circuit Court. So far as appears, they may have been delivered by the commissioner who took them, to the attorneys, and by them kept until trial. They were not sealed up, but open, when presented. No motion to suppress was necessary. Such a motion would have been inapt, for there was nothing returned to the court or in the files to be suppressed. The depositions should not have been admitted. Chapter 51, Secs. 30 and 31, R. S.

Upon the second contention, viz., that the true measure of appellee's damages is not the value of the goods, but the difference between the value at the time when they should have been delivered and the value when they were delivered, the following authorities are in point and controlling: S. & M. R. R. Co. v. Henry, 14 Ill. 156; G. & C. U. R. R. v. Rae, 18 Ill. 488; 3 Sutherland on Damages, p. 215; Scovill v. Griffith, 12 N. Y. 509; Hackett v. Railroad Co., 35 N. H. 390.

There was no obligation to return to the consignor unless and until the carrier was directed so to do, and a failure to return was not a conversion of the goods. Hutchinson on Carriers (2d Ed.), Sec. 392.

Until directed by the consignor to do otherwise, it was the duty of appellant, the carrier, to deliver to the consignee, and upon a refusal by the consignee to accept, to hold the

goods for further direction by the consignor. This the appellant did, and while it may be mulcted in damages for any unreasonable delay in shipment, it can not, under these facts, be held to respond for the full value of the goods.

The judgment is reversed and the cause is remanded.