December 17, 1906.

————o————

No. 3994.

(Court of Appeal, Parish of Orleans.)

## MONROE MANUFACTURING CO., LTD. vs. NEW ORLEANS & NORTHEASTERN R. R. CO.

1. If a consignee fails or refuses to take or accept the goods when ready for delivery, the delivering carrier remains liable for them as warehouseman only, and is under no obligation to return them to the consignor

2. Where the initial carrier undertakes to transport goods beyond its own line and does so by delivering them to its connecting carrier who makes due carriage thereof to point of destination; and where the assignee fails or refuses to accept delivery and the last carrier notifies the initial carrier of that fact, the latter in its turn notifying

126

the shipper, and the goods are ordered returned, the failure of the original delivering carrier to promptly return the shipment is a fault not imputable to the original initial carrier. The latter is liable only when he in his turn has failed to promptly carry the goods after they have been delivered to him by the connecting carrier.

Appeal from Civil District Court, Divisions D.

Solomon Wolff, for plaintiff and appellant.

H. H. Hall, for defendant and appellee.

MOORE, J. Plaintiff on the 25th May, 1905, delivered to the defendant company for carriage to Columbus, Miss., a lot of merchandise consigned to one E. E. Wharton

Defendant's road terminates at Meridian, Miss., its connecting carrier at this point for freight destined for Columbus. is the Mobile and Ohio Railroad. At Meridian due delivery was made by the defendant to the Mobile and Ohio Railroad and this latter road made due carriage to point of destination. The consignee of the shipment refused to accept same and assigned as his reasons therefor to the carrier that "it was not the kind of goods he had bought." The Mobile and Ohio Railroad thereupon advised the defendant carrier of the refusal of the consignee to receive the goods, and the defendant road. in its turn, duly notified the plaintiff thereof. This notice was sent by mail to the plaintiff; it is dated June 4, 1905, and it is admitted to have been duly received by the plaintiff. On the 13th July, '05, plaintiff wrote the defendant to have the goods returned, but it is conclusively shown that no such letter was ever received. On the 23d June, '05, the defendant company again advised the plaintiff of the consignee's refusal to receive the goods and it was then that the plaintiff took active steps to have the goods returned Calling upon the agent of the defendant road the plaintiff's representative was advised that the latter would have to take up the matter with the agent of the Mobile and Ohio Railroad as that was the carrier in possession of the shipment and which would have to initiate the carriage from Columbus back to New Orleans. Plaintiff took up the matter with the Mobile and Ohio and finally, sometime in August, 1905, the goods were returned to New Orleans.

Plaintiff, however, refused to receive them alleging that as the goods were of a character which would spoil in from one month to six weeks, and as more than that period had elapsed, plaintiff was entitled to its value and to that end it sues the defendant company.

The demand was rejected below and the plaintiff appeals. There has been much said in both the oral and printed argument in this cause on the question as to whether if a carrier receives goods marked to a destination beyond his usual line of transportation, so that for the final delivery of the goods at their destination transportation by a connecting carrier will be necessary, the shipper, who has actual or presumptive knowledge of the fact, is entitled to rely on the acceptance by the first carrier as constituting a contract to deliver the goods at their destination, employing the intermediate carrier as agent for that purpose, which is the rule announced in the noted case of Muschamp; (Muschamp vs. The Lancaster and Preston Junction Railway 8 M. & W. 421) and the rule still followed in England; or whether, on the other hand, the contract implied is that the first carrier will transport the goods to the end of his usual line, and as the agent of the shipper deliver them to an intermediate carrier, who thereupon becomes the carrier of the shipper to complete the transportation, and which has come to be known as the American rule. This question, however, can find no place in the discussion of this case forasmuch as there is no dispute that the *outward* carriage of the shipment by the initial carrier, (the defendant company), was promptly made, and it cannot, assuredly, be contended that the defendant company was the initial carrier for the *inward* or return shipment. Nor was the initial outward carrier in the instant case in any manner obligated to see that the goods were returned to the shipper from Columbus, except of course, when the goods were delivered to it at Meridian by the Mobile and Ohio Railroad it was its duty to promptly carry them to New Orleans which it is not pretended the defendant road did not do It is well settled that if the consignee fails or refuses to take or accept the goods when ready for delivery, the delivering carrier remains liable for them as warehouseman only and that he is under no obligation to return them to the consignee Louisville etc. R. Co. vs. Hulpin 95 Ill. App. 402; Louesberg vs. Desmore 4 Daly (N. Y, 490; Salinger vs. Simmons 2 Lans (N. Y.) 325-57 Barb 513 Koemer vs. Southern

Ex. Co. C. Coldu (Tenn.) 356. The duty of the carrier is to store or keep them as warehouseman. Soria Cotton Oil Co. vs. Steamer Red River 106 La. 42-44. Northern vs. Williams, Phillips & Co. 6 A. 578.

If the earlier return of the goods·was defeated by the fault of either of the carriers it is certainly not· chargeable to the defendant company.

The judgment is affirmed.