## Newingham *v.* The J. C. Blair Company, Appellant.

*Negligence—Owner of building—Workman employed on premises— Safe means of ingress—Stairways—Fire escape.*

1. It is the rule that the owner of property owes to an independent contractor and his servants at work thereon the duty of exercising reasonable care to have the premises in a safe condition for the work, unless the defects responsible for the injury were known to the contractor. The owner is not charged with the absolute duty of having the premises safe; his duty is discharged by the exercise of reasonable care. All the authorities agree that it is incumbent upon the owner of premises upon which persons come by invitation, express or implied, to maintain such premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended.

2. In an action for damages sustained by reason of a defect in the outside fire escape of defendant company's building the case is for the jury and a verdict for plaintiff will be sustained where it appears that the plaintiff, a tinner and a roofer, was working on the building as the employee of a contractor who was engaged to copper flash the roof of the building; that there were three ways of gaining access to the roof, by elevator, by the inside stairway and by the fire escape; that shortly after the work began the vice president of the defendant company gave directions that the workmen should not go through the building but

should use the fire escape to reach the roof; that the plaintiff in discharge of his duties had occasion to descend and while on the fire escape one of the platforms gave way beneath him and he fell and was injured; there being no evidence of any inspection of the fire escape, and one witness positively testifying that the accident was due to defective construction, which would have appeared had there been a proper examination or inspection: Hotchkin v. Erdrich, 214 Pa. 460, distinguished.

· 3. In such a case proffers of proof are properly excluded as irrelevant and immaterial where the one goes no further than to show that the plaintiff was inside the building after the direction to use the fire escape and the other to show that the plaintiff's employer had notice and intended to give warning of the dangerous character of the fire escape.

4. The fact that the plaintiff used the elevator or stairway at times in disregard of orders did not affect his right to rely upon the fire escape being in a proper condition when he was ordered to use it.

*Negligence—Fire escape—Inspection—Presumptions—Act of May 2, 1905, sec. 22, P. L. 352.*

5. In an action against the owner of a building to recover damages for personal injuries resulting from an alleged defective fire escape, it will not be presumed, because the Act of May 2, 1905, sec. 22, P. L. 352, provides for an inspection of fire escapes that defendant had complied with the law, where there is no evidence whatever of any such inspection, and there is positive proof that the accident would not have happened if there had been a proper inspection.

*Appeals—Assignments of error—Misquotation of testimony—Failure to instruct—Duty of counsel.*

6. An alleged misquotation of testimony by the trial judge in his charge in a negligence case is not properly assignable for error where it was not brought to the court's attention before the jury retired.

7. In such a case the fact that the court failed to give the jury certain instructions, as for instance in guarding the effect of the Carlisle Tables as evidence by directing the jury's attention to the circumstances affecting the duration of the life in question, will not constitute reversible error where counsel fail to make any request upon trial for such instructions, or to call the court's attention to the omission so to instruct.

Argued April 19, 1911. Appeal, No. 54, Jan. T., 1911, by defendant from judgment of C. P. Huntingdon Co., Feb. T., 1909, No. 4, on verdict for plaintiff in case of Frank E. Newingham v. The J. C. Blair Company. Be-

fore Brown, Mestrezat, Potter, Elkin and Moschzis-
ker, JJ. Affirmed.

Trespass for personal injuries. Before Woods, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial James Sleeman being on the stand was asked
this question: "Q. Had you seen Newingham frequently
in the building during the time this work was going on?
Objection.

Mr. Bailey: We propose to show by the witness that
the plaintiff was in the building "A" of the defendant
a day or two before the accident, and subsequent to the
Tuesday before the accident; for the purpose of showing
that if there was any inhibition or restriction in his move-
ments by an officer of the company, to wit: that he should
not use the stairways or elevators in the building, that he
did not obey those instructions and was inside of the build-
ing, and it comes to the question of his exercising due
care in leaving a safe way of departure from the building
and going on the fire escape where he was injured; and
also for the purpose of affecting the credibility of the
plaintiff, who testified that subsequent to the Tuesday
when he was told by Hershey that he should not use the
stairways or elevators of the building he was not in said
building.

Mr. Waite: That is objected to as utterly immaterial,
irrelevant and inadmissible as to how much the plain-
tiff was in the building on another day. The plain-
tiff did not testify that he had not been in the buildings
on other days, so it does not contradict him; he simply
states in his examination that he did not remember to
have used the inside of building "A" on the morning of
the day on which he was hurt, but he did not testify that
he had not been in building "A" on other days; but even
if he had been it would tend to contradict him only on an
immaterial point.

The Court: Objection sustained. Evidence rejected.
Bill of exceptions sealed for defendant.

William Hassenflue being on the stand, this offer was made.

Mr. Bailey: I propose to show by the witness on the stand that he passed over the fire escape at the point where the accident occurred a number of times before the accident occurred; that he had intended to speak to Mr. Woolheater of the J. C. Blair Company and to his own employees, but overlooked it; for the purpose of showing that that omission on the part of the witness is what produced the accident which forms the basis of this action; that it was his negligence which prevented the proper supporting of the fire escape and which was the proximate cause of the plaintiff's injury.

Mr. Waite: That is objected to because, if the evidence was even to go to the jury, it would only show contributory negligence on the part of the plaintiff's employer, which would not relieve the defendant from its negligence, if the jury believe it was negligence, and if the negligence contributed to this accident.

The Court: Objection sustained.   Evidence rejected. Bill of exceptions sealed for defendant.   [2]

*Errors assigned* were: (1, 2) rulings on evidence, quoting the bill of exceptions; (3, 4) alleged misquotation of testimony; (5, 11, 14) charge of trial judge and answers to points; (13, 15) failure to give certain instructions; and, (16, 17) in refusing binding instructions for the defendant.

*W. S. Dalzell*, of *Dalzell, Fisher & Hawkins*, and *Thomas F. Bailey*, for appellant, cited: Callan v. Pugh, 66 N. Y. Supp. 1118; Maguire v. Magee, 22 W. N. C. 159; Hotchkin v. Erdrich, 214 Pa. 460; Myers v. Edison Elec. Illuminating Co., 225 Pa. 387.

*H. H. Waite*, with him *Jas. S. Woods*, for appellee.

OPINION BY MR. JUSTICE POTTER, July 6, 1911:
In this action the plaintiff sought to recover damages

for injuries which he sustained through the alleged negligence of the defendant company. He was a tinner and roofer, in the employ of a contractor who had engaged to copper flash the roofs of certain buildings for the defendant. There were three ways of gaining access to the roofs; by the elevator, by the inside stairway, and by the fire escape. The evidence tends to show that shortly after the work began, the vice-president of the defendant company gave directions that the workmen should not go through the buildings, but should use the fire escape to reach the roof. On the morning of June 6, 1908, the plaintiff was on the roof, in the discharge of his duties, and had occasion to descend. While on the fire escape one of the platforms gave way beneath him, and he fell and was severely injured. The defendant company was charged with negligence, in failing to maintain the fire escape in a safe condition, and in requiring plaintiff to use an unsafe way of passage. Upon the trial, a request for binding instructions in favor of defendant was refused, and the case was submitted to the jury, who returned a verdict in favor of the plaintiff for the sum of $7,175. From the judgment entered thereon defendant has appealed.

In the first assignment of error, counsel complain of the action of the court below, in excluding defendant's offer to show that plaintiff was in one of the buildings of defendant a day or two before the accident, and after the direction had been given to use the fire escape in order to reach the roof. We see no error in the exclusion of this offer. Its purpose was evidently to show that plaintiff did not obey the orders which had been issued, prohibiting the use of the elevator and the stairway. But the offer of proof, as made, fell short of that end. It was merely a proffer to show that plaintiff was in the building. If he was, it would not necessarily follow that he used the elevator or the stairway; and, even if he did do so, the relevancy of that fact to the issue being tried, is not apparent.

The second assignment is to the overruling of an offer

to show that plaintiff's employer had passed over the place, and had noticed, and intended to give warning of, the dangerous character of the fire escape at the point where the accident occurred. The offer was properly excluded, as immaterial. If there was any neglect of the kind indicated, on the part of the employer, its effect would not be to relieve the defendant of its own responsibility.

In the third and fourth assignments it is alleged that the trial judge, in charging the jury, inadvertently misquoted certain testimony. Our examination of the printed records leads us to think that the court was substantially correct in the statements made. But if, in the opinion of counsel for defendant, a mistake was made, it should have been brought to the attention of the court, before the jury retired; otherwise, the matter is not properly assignable for error: Kuntz v. N. Y., etc., R. R. Co., 206 Pa. 162; Com. v. Razmus, 210 Pa. 609.

The assignments from the fifth to the eleventh inclusive complain of portions of the charge and of the answers to points relating to the extent of the injuries and to the measure of damages. In none of these do we see any substantial error. There was ample evidence as to the probable permanence of the injuries. Dr. Northup testified that the probability of recovery was very unlikely; and again, that it was doubtful. Dr. Hoffman testified that he considered plaintiff to be permanently injured, and did not believe that he would be able to do any laborious work. Dr. Chisholm said on cross-examination that the probabilities were that plaintiff would not ever fully recover from his injuries.

The refusal of defendant's ninth point is made the subject of the twelfth assignment of error. We do not find that this point accurately states the testimony of Mr. Koch. An examination of the record does not show that he said positively that he never instructed any of the employees of the contractor to use the fire escape, but only that he testified that to the best of his recollection,

he did not tell Mr. Hershey not to use the elevator or that he must use the fire escape. There was some evidence tending to show that plaintiff used the elevator, and on one occasion used the stairway between two of the upper floors, after he had been notified not to do so. Plaintiff, however, denied this. But even if he did use the elevator or stairway at times, in disregard of orders, that fact would not affect his right to rely upon the fire escape being in a proper condition, when he was ordered to use it. His action would not have affected the fact, if the jury found it to be such, that defendant's manager had not only invited but ordered the employees of the contractor to use the fire escape. In the shape in which the ninth point was presented, it was properly refused.

In the thirteenth assignment of error complaint is made that the trial judge failed to give the jury certain instructions; but it does not appear that counsel for defendant made any request for any such instructions. This specification is not, therefore, to be sustained: Kaufman v. Pittsburg, etc., R. R. Co., 210 Pa. 440.

In the fourteenth assignment, it is suggested that the court below erred in the answer made to defendant's tenth point, which requested the trial judge to charge that if the jury belived that plaintiff jumped a distance of three and one-half feet from the top of the fire wall to the floor of the fire escape, and thus subjected it to an undue strain he could not recover. While the trial judge refused the point as put, nevertheless he instructed the jury that it was for them to say "whether the plaintiff acted in the way an ordinarily prudent person under the same circumstances would have acted." We think this was a fair submission of the question involved, to the consideration of the jury. More especially is this true in view of the fact that in affirming the very next point for charge offered by counsel for defendant, the jury were instructed that if they believed that the negligence of the plaintiff contributed in any way to his injury, there could be no recovery in this action.

In the fifteenth assignment of error it is alleged that the court "having admitted the Carlisle Tables of mortality, erred in not carefully guarding the effect of the evidence by directing the attention of the jury to the circumstances affecting the duration of the life in question." This specification is subject to the same criticism as that made upon the thirteenth assignment, in that it does not appear that counsel made any request upon the trial for any such instructions. It is undoubtedly true that where mortality tables are admitted in evidence, the jury should be cautioned not to accept the results set forth in the tables as conclusive; and they should have been directed to take into consideration the circumstances affecting the duration of the life in question. It would have been better if the trial judge had given such instructions. But we do not regard the omission in this case as amounting to reversible error. The testimony showed that plaintiff was in excellent health prior to the accident, so that if the matter of his expectancy of life had been referred to by the trial judge in his charge, the evidence as to the age and physical condition of the plaintiff would have justified the jury in adopting the most favorable view of the probabilities of the continuation of his life. Counsel made no request for instructions as to the weight to be given to the evidence obtained from the mortality tables, nor did they call the attention of the trial judge to his omission to charge upon that subject. We do not think the failure to so charge is sufficient to justify a reversal of the judgment.

In the sixteenth and seventeenth assignments of error complaint is made of the refusal by the trial judge of binding instructions in favor of defendant and of his refusal to enter judgment for defendant non obstante veredicto. These specifications raise broadly the question of the plaintiff's right to recover. In support of their contention that defendant owed no duty to plaintiff, in the way of keeping the fire escape in safe condition, counsel for appellant cite the case of Callan v. Pugh, 66 N. Y. Supp.

1118.  But an examination of that decision shows that it was put upon the ground that the excavation which caused the fall of the arch, was not made under the owner's direction, nor did it appear that he had notice of the dangerous condition of the arch.  Apparently it had been weakened by excavations which were being made by an independent contractor.  The distinction between such facts and those of the case now before us is obvious.  They also cite Maguire v. Magee, decided by this court, but reported in 22 W. N. C. 159.  There the injury resulted from a defective scaffold, of a temporary character, erected by a contractor for the use of his own employees alone.  In the case of Myers v. Electric Illuminating Co., 225 Pa. 387, the decision was based on the fact that the danger from uninsulated wires was an obvious one, of which the plaintiff was held to have assumed the risk.  In the argument of the case at bar, counsel rely strongly upon Hotchkin v. Erdrich, 214 Pa. 460, where the plaintiff was injured by a fall caused by the giving way of a round of a ladder inside a chimney, which he was ascending in order to perform some work at the top.  But in that case, it was said (p.463): "The testimony does not show any direction to the plaintiff by the defendant to use the inside ladder, but it does show permission, or possibly an invitation, to do so."  In the present case there was not only an invitation by the defendant company to use the fire escape, but there was, according to the testimony for the plaintiff, an express direction to make use of that means of access to the roof, and a prohibition of the use for that purpose of the elevator or of the inside stairway.  It was further pointed out in that case, that the same degree of attention is not required in caring for a place seldom used, as is requisite in the maintenance of a passageway frequently called into use.  In that case no occasion for inspecting the ladder fastened upon the inside of the chimney, had arisen for some nine years.  In the present case the defect was in a fire escape which from its very nature, and by reason of the purpose it was intended to serve,

should have been kept in safe condition for use at all times. To be sure the use which the defendant company directed should be made of it by the plaintiff, was not the ordinary office of a fire escape, but it was apparently not an improper use, and at any rate it was placed at the disposal of the plaintiff and his fellow workmen, by the express direction of the officer of the defendant company. In making use of the fire escape, as directed and required, the plaintiff had a right to rely on the presumption that the defendant had performed its duty in providing a reasonably safe means of access to the roof. The fire escape was under the circumstances to all intents and purposes, an outside stairway. If instead of making use of it, the plaintiff had been instructed to take the inside stairway, and had been injured by the giving way of an improperly constructed platform, it would hardly be contended that the defendant would not be liable for the results. The fact that the fire escape, temporarily transformed at the direction of the defendant into a stairway, was located outside of the building, rather than inside, cannot change the principle involved. The decision in Hotchkin v. Erdrich is put expressly upon the grounds, first, that there was no direction to the plaintiff to use the old ladder inside the chimney; second, that the crude iron rounds on the inside of the chimney wall did not constitute, under the circumstances, such an appliance as the defendant was required to inspect and keep in repair; third, that plaintiff did not in that case rely on any presumption that the crude ladder was in safe condition, but instead proceeded to test and inspect it himself as he ascended it, thus acknowledging and assuming the risk of its being defective. No one of these conditions, or anything similar thereto, is to be found in the case at bar. In White's Supplement to Thompson on Negligence, sec. 979, what seems to be a sound general rule is thus expressed: "It is the rule that the owner of property owes to an independent contractor and his servants at work thereon, the duty of exercising reasonable care to have the premises in a safe

condition for the work, unless the defects responsible for the injury were known to the contractor. It is to be observed that the owner is not charged with the absolute duty of having the premises safe; his duty is discharged by the exercise of reasonable care." And in 21 Am. & Eng. Ency. of Law (2d ed.) 471, it is said: "All the authorities agree that it is incumbent upon the owner of premises upon which persons come by invitation, express or implied, to maintain such premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended." The underlying principle of these general statements has been recognized and enforced in our own cases. For example, in Pottstown Iron Co. v. Fanning, 114 Pa. 234, the plaintiff was a brakeman employed on a train of the Reading Railroad Company, which, while lawfully thereon, was wrecked by the collapse of a defective trestle owned and operated by the defendant. The latter was held liable for the damages resulting from the death of the plaintiff. And in Pender v. Raggs et al., 178 Pa. 337, the owners of a building which was undergoing alteration, were held liable to an employee of the contractor who was making the alterations, for injuries resulting from the fall of a wall, which (as found by the jury) became unsafe from the act of the owner.

It is suggested in the argument that because sec. 22, of the Act of May 2, 1905, P. L. 352, provides for an inspection of fire escapes, it is to be presumed that defendant had complied with the law, and that the fire escape here in question had been duly inspected and approved. There is no evidence, however, of any such inspection. The record shows the positive testimony of David Hershey that the accident was due to defective construction of the fire escape which would have appeared had there been a proper examination or inspection. We are satisfied that, under all the evidence, this case was for the jury, and that in the manner of its submission, there was no substantial error. The assignments of error are therefore dismissed, and the judgment is affirmed.