# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

---

## Perry *v.* Thomas Cronin Co., Appellant.

*Negligence—Highways—Fright of horse—Leaving steam roller in highway.*

1. The right of the public to the use of a highway is subordinate to the right of the public authorities to make reasonable repairs for the public benefit.

2. A contractor under a municipality for the construction of a highway, cannot be charged with negligence, because for a time he leaves a steam roller within the limits of the highway, where ample room is allowed for public travel.

3. A woman cannot recover from a contractor, engaged in constructing a highway, damages for personal injuries resulting from the fright of her horse caused by the flapping of curtains covering a steam roller, where it appears that the curtains had always been fastened prior to the day of the accident, that there was no evidence to show how they became unfastened, or that defendant had notice of this condition, and it appears that ample room had been left for public travel.

Argued October 10, 1923. Appeal, No. 67, Oct. T. 1923, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1922, No. 1422, on verdict for plaintiff, in case of Louisa E. Perry v. Thomas Cronin Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for negligence. Before DOUGLASS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was, inter alia, order refusing judgment n. o. v. for defendant, quoting record.

*William C. Jacob,* for appellant.—Defendant neither committed nor omitted any act which could be construed as negligence: Nicholas v. Keeling, 21 Pa. Superior Ct. 181; Davis v. R. R., 218 Pa. 463.

Plaintiff was guilty of contributory negligence: Pittsburgh Southern Ry. v. Taylor, 104 Pa. 306; Keeley v. Shanley, 140 Pa. 213.

*Thomas M. Marshall, Jr.,* with him *James E. Marshall, Thomas A. Watson* and *Thomas M. Marshall,* for appellee, cited: McNerney v. Reading, 150 Pa. 611; Graham v. Penna. Co., 139 Pa. 149; Piolett v. Simmers, 106 Pa. 95; Burrell Twp. v. Uncapher, 117 Pa. 353.

OPINION BY MR. JUSTICE WALLING, January 7, 1924:

In 1919 Allegheny County made a contract with the Thomas Cronin Co., defendant, for the improvement of the Wallace Road in Pine Township. The work progressed during the fall and winter, but was temporarily suspended, and the time for completion extended, in March, 1920, because of an acute shortage of labor and material. Defendant then had for use there a large steam roller, which could not be taken away because of the miry condition of the road and was left standing, some feet outside of the traveled way, covered with canvas curtains fastened at the top and bottom. Mrs. Louisa E. Perry, the plaintiff, resided on that road and, while driving along the same on August 13th of that year, her horse took fright at the flapping of the curtains on the steam roller, tipped over the buggy and injured the plaintiff. In some unexplained manner the curtains had become loosened at the bottom so the wind

blew them out against the horse, otherwise there was ample space to pass. Mrs. Perry had frequently driven the horse over this road and it had shown no fear of the steam roller; she so testified and also that its fright on this occasion resulted from the movement of the curtains. Defendant's request for binding instructions was refused; this appeal by it is from judgment entered on the verdict for plaintiff.

The trial court should have decided the case for defendant as matter of law. A municipality or its contractor, in the construction of a highway, may temporarily leave within the bounds thereof material and machinery when necessary, if done with reasonable care, and a finding of negligence against a contractor cannot be sustained from the mere fact of his leaving a steam roller, or other object, standing for a considerable time within the bounds of a highway which is under construction, where, as here, ample room is left for public travel. The ordinary rule as to obstructions in public roads cannot be applied to such a case. "The right of the public to the use of the highway is subordinate to the right of the public authorities to make reasonable repairs for the public benefit": 7 A. L. R. n. p. 1203. In the language of Chief Justice PAXSON in Keeley v. Shanley, 140 Pa. 213, 222: "We think there is a marked difference between the case of a finished public highway, thrown open to travel, and a road, be it a turnpike or an ordinary dirt road, in course of repair or construction. In the latter case there must necessarily be inequalities, heaps of stone, and other materials upon the ground necessary for such operations. The defendants were lawfully engaged in the construction of this road; the steam roller was a machine necessary for its construction. Its use, therefore, was lawful." The main facts of the case just cited are so strikingly similar to those here presented, even to the fright of the horse from the flapping of the covers upon the steam roller, that the conclusion there in favor of defendant controls this case. The case of

Nicholas v. Keeling, 21 Pa. Superior Ct. 181, cited for plaintiff; differs from the instant case; there, obstructions had been left partly in the traveled track, with scarcely room to pass in daylight, and the accident happened in the dark.

Moreover, the accident in the instant case did not result from the presence of the steam roller at the side of the road, but from the flapping of its curtains, and the burden was upon plaintiff to show defendant's responsibility therefor; here the proof failed. The undisputed evidence is that the curtains were properly fastened when the roller was left there in the spring and also when defendant's employees were there, preparing for its removal, a short time prior to the accident; but when it occurred they were loose. Defendant had no motive for unfastening them and that it did so was not shown; it might as easily have been done by another. Had defendant knowingly suffered the curtains to remain in that loose condition a different question might be presented, but there is no claim it had express notice of that fact and nothing is shown to sustain a finding of constructive notice. Plaintiff, who traveled the road almost daily, says the covering on the machine had always been fastened down prior to the day of the accident. No work was then in progress on the road and defendant was not bound to anticipate that the curtains it had left securely fastened would become otherwise, and the indefinite evidence that they had been loose a few days was insufficient to sustain a finding of contructive notice. See opinion by Mr. Justice SIMPSON filed herewith in case of Mirnek v. West Penn Power Company, 279 Pa. 188.

It is not necessary to discuss the question of contributory negligence.

The judgment is reversed and is here entered for the defendant non obstante veredicto.