### LINKER v. CONTAINER CORP. OF AMERICA.

#### Civ. A. No. 8440.

United States District Court
E. D. Pennsylvania.

April 6, 1951.

John B. Martin, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This case involves a death action by the administratrix of the estate of an employee of an independent contractor engaged by the defendant to perform certain construction work for it. While on the roof of defendant's building in the course of his employment, the employee fell through a glass skylight which had been blacked out by defendant with tar. The jury found in favor of the defendant and plaintiff moves for a new trial.

Plaintiff assigns as error (1) the court's charge to the jury that the defendant was under no duty to warn the Lauter Company, the deceased's employer, of the skylight condition if it was an obvious one or if the independent contractor had actual knowledge of the condition; and (2) the failure of the court to charge that the knowledge of the Lauter Company's job foreman, concerning the skylight, was not to be imputed to the independent contractor. There was evidence, concerning the nature and appearance of the skylight, that it was an obvious condition of the premises, and there was also evidence to the contrary. The Lauter Company's foreman in charge of the work, however, testified that he did actually know of the condition a few days prior to the accident.

The law of Pennsylvania is clear that the owner of premises owes to business visitors the duty of keeping his premises reasonably safe or of giving warning of any failure to maintain them in that condition. See Valles v. Peoples-Pittsburgh Trust Co., 339 Pa. 33, 13 A.2d 19; Kulka v. Nemirovsky, 314 Pa. 134, 170 A. 261; cases collected in section 343; Pennsylvania Annotations, Restatement of Torts. But the possessor is not subject to liability to an adult for harm caused by a known or obvious danger. Walker v. Broad & Walnut Corp., 320 Pa. 504, 182 A. 643; cases collected in sections 340 and 342, Pennsylvania Annotations, Restatement of Torts. If the defendant had the duty of warning anyone here, it had the duty of warning the Lauter Company; it was not obliged to warn the Lauter Company's employees individually. Valles v. Peoples-Pittsburgh Trust Co., supra; Myers v. Edison Elec. Illum. Co., 225 Pa. 387, 74 A. 223. And if the Lauter Company had actual knowledge of the skylight condition, the defendant was excused from giving it warning. The evidence is uncontroverted that the Lauter Company's foreman in charge of the work had actual knowledge of the condition. The question remains, then, whether his knowledge may be imputed to the Lauter Company. If it may be, then the defendant was under no duty to warn the contractor of something which it already knew.

It appears to the court that the knowledge of the Lauter Company's job superintendent, the man in charge of all the employees brought on the defendant's premises by the contractor, acquired during the course of his employment, can fairly be imputed to the contractor. The foreman was the contractor's representative on the job, with authority to direct the work and the workmen in its behalf. If he was sufficiently the agent of the company to direct the work and the workmen,

he was sufficiently its agent to acquire for it knowledge about the conditions of the premises being worked upon, and his knowledge, under such circumstances, is imputed to the contractor. Consequently, the court fails to find error in the charge.

Plaintiff cites Newingham v. J. C. Blair Co., 232 Pa. 511, 81 A. 556, for the proposition that knowledge by the plaintiff's employer of the dangerous condition causing the accident would not relieve the defendant of its own duty to warn or make safe. In that case, an offer of proof that the plaintiff's employer, the independent contractor, had knowledge of the condition, was overruled, and the ruling was held not to be error. But the offer was apparently directed to the issue of proximate cause, the court holding that the independent contractor's neglect would not relieve the defendant of its own responsibility, and hence the offer was properly excluded as immaterial. The question involved in the instant case was apparently not considered in the Blair case, although the court quoted as law the rule of the property owner's duty to an independent contractor and his employees, with the exception in the case of defects known to the contractor. Perhaps the fact that the property owner in the Blair case directed the employee to use the defective fire escape, instead of other available means of access to the roof, gave rise to the distinction which may be noted in that case. In any event, the principle that knowledge by the contractor of a dangerous condition on the premises does not relieve the owner from the duty of giving warning, as set forth in the Blair case, supra, is not without qualification.

Plaintiff also assigns as error the admission into evidence of a touched-up photograph of the roof and skylight. The picture had been taken after the occurrence of the accident, when the defendant had painted in large white letters on the black skylight the warning "danger-glass". Consequently, the lettering was eliminated from the photograph by a touching-up process. Plaintiff complains that the photograph was not an accurate reproduction of the scene at the time of the accident, there-by causing confusion to its witnesses, and detracting from their credibility. The photograph was relevant only to the issue of whether or not the skylight was a latent danger. Assuming that the plaintiff's view prevailed and the jury believed it to be a latent danger, nevertheless, the uncontradicted evidence of the knowledge of the contractor through its foreman compels the conclusion that the defendant was absolved from its duty of warning the contractor of the latent danger. Assuming that the admission of the photograph was error, it was not prejudicial.

Accordingly, the motion for a new trial will be denied.