No. 1,179.

HEIN v. THE NEW YORK, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

PRACTICE.—*Province of Jury.— Conflicting Evidence.—Inferences.—* Where the evidence is conflicting, or the facts established by it are of such a character that different inferences may reasonably be drawn therefrom, it is the province of the jury trying the cause to determine what facts are established and which inference is the proper one.

From the Starke Circuit Court.

*A. J. Beveridge, G. W. Beeman* and *L. G. Rothschild,* for appellants.

*R. C. Bell, S. R. Morris, J. Morris* and *J. M. Barrett,* for appellee.

GAVIN, J.—This was a suit by appellant to recover damages resulting from a fire started by appellee and negligently permitted to escape to appellant's land. There was a trial by the court, and a general finding in favor of the appellee. The only question presented to us relates to the sufficiency of the evidence to sustain the finding. Counsel for appellant argue this proposition with an apparent degree of earnestness. The evidence is short, and with little, if any, conflict. Giving to both the pleadings and the evidence the most favorable con-

struction to which appellant would be entitled, the utmost that could be claimed for him would be that there was some evidence from which a court or jury might have inferred negligence upon the part of the appellee. Conceding this to be true, there was certainly no such case made as would require this or any other court to say that this was the only inference which could properly be drawn from the evidence. Where the evidence is conflicting, or the facts established by it are. of such a character that different inferences may reasonably be drawn by different minds, it is peculiarly the province of the court or jury trying the cause to determine what facts are established, and which inference is the proper one. *Overton* v. *Indiana, etc., R. W. Co.*, 1 Ind. App. 436. Under the evidence in this case, we are of opinion that the court was abundantly justified in its finding.

Judgment affirmed.

Filed June 5, 1894.