# Sturtz v. Delaware, Lackawanna & Western Railroad Company, Appellant.

*Negligence—Court and jury—Master and servant—Dangerous machinery—Failure to instruct—Question for jury.*

1. It is only in clear cases where the facts and inferences to be drawn from the testimony are free from doubt and but one conclusion is deducible that the court may not permit a jury to reach a different one.

2. In an action by a boy sixteen years old against his employer, a coal mining company, to recover damages for personal injuries sustained while greasing machinery, a verdict and judgment for the plaintiff will be sustained, where the evidence warrants a finding that the plaintiff was instructed by the boss who had authority to act, to grease a particular wheel; that the place and the job were dangerous; that no warning nor instruction was given; that plaintiff was inexperienced in the particular work, not having knowledge of its danger; and that the danger itself was not so obvious as to affect him with knowledge, and thus dispense with warning or instructions.

Argued April 14, 1909. Appeal, No. 47, Jan. T., 1909, by defendant, from judgment of C. P. Luzerne Co., March T., 1907, No. 22, on verdict for plaintiff in case of Bernard Sturtz, by his next friend and father, Anthony Sturtz, and said Anthony Sturtz in his own right v. Delaware, Lackawanna & Western Railroad Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FULLER, J.

At the trial the jury returned a verdict for $2,400 for Bernard Sturtz and $600 for Anthony Sturtz.

On a motion for a new trial and for judgment n. o. v., FULLER, J., filed the following opinion:

The boy plaintiff, sixteen years of age, received his injury at the defendant's coal breaker, while engaged in the act of applying grease upon a certain belt wheel, in pursuance of an alleged direction given by the breaker boss, without warning or instruction respecting the danger.

The question of liability under the evidence is exceedingly close; so close, indeed, that upon a motion for a new trial we should have been tempted to allow opportunity for an opposite conclusion from another jury, and even on this motion for judgment non obstante veredicto we have great hesitancy in sustaining the verdict.

In order to sustain the verdict there should appear in the record of the trial competent evidence, more than a scintilla, which if believed by the jury would warrant these findings of fact, viz.: (1) That McGraw, the boss, directed Sturtz, the employee, to grease the wheel; (2) that McGraw had authority to give such a direction; (3) that by the direction McGraw intended, and Sturtz understood, the upper one of two wheels over which the belt ran; (4) that the place and the job were dangerous; (5) that no warning or instruction was given; (6) that Sturtz was inexperienced in the particular job, not having knowledge of its danger; (7) that the danger itself was not so obvious as to affect him with knowledge and thus dispense with warning or instruction.

Furthermore, in order to sustain the verdict it should not appear in the record of trial that the act of Sturtz himself constituted negligence per se, or that the act of McGraw constituted negligence by a fellow servant.

If the record is barren of proof on any one of the material points enumerated, or if it establishes the fact of plaintiff's negligence per se, or the negligence of a fellow servant, the present motion should prevail, but not otherwise.

On point (3) the proof is certainly meager, and respecting point (7) we have much doubt, but we are not convinced, after a careful consideration, that the record is barren upon any one of the essentials above enumerated. In other words, there was competent evidence, more than a scintilla, upon which to predicate findings of fact.

It was the plain province of the jury to find, and not of the court to declare, whether the risk of being drawn against the wheel must have been so palpable, even to a lad without experience, that warning or instruction would have been superfluous in fact and therefore unrequired in law.

We put this point to the jury in a manner which we think furnishes no just ground of complaint, thus:

"Next, and very important indeed, you must find that the danger was not so apparent as to give its own warning to a person of ordinary intelligence in his senses, and be cognizant to this boy without warning in spite of his inexperience in the particular job.

"Was the danger so plain that a warning would have been superfluous? In that case, of course, failure to warn would not have been a breach of the employer's duty, and you could not find negligence. A boy of that age, sixteen and one-half years old, is presumed to have ordinary adult intelligence and ability to apprehend obvious results, to perceive obvious dangers without being warned. In this case the presumption would be fortified by the proved experience of the boy in and about coal mines and breakers.

"Was the danger so obvious that he should have perceived and avoided it in the exercise of ordinary powers of perception and of observation? Should he without being warned, have recognized the risk of placing the paddle against that wheel, in motion, in that narrow space between the upper and the lower belt and have recognized the risk of being jerked in as he was?

"If so he cannot complain, and your verdict must be for the defendant."

The claim of contributory negligence is based upon two propositions, viz.: (a) that the act of greasing the wheel was against the spirit, if not the letter, of the statutory prohibition that "no person shall oil dangerous parts of such machinery while it is in motion," (b) that the imprudence of such an act, even independent of the statutory prohibition, ought to be declared negligence per se.

An affirmative of the first proposition would involve judicial assumption of the fact that oil and grease are identical and we are not prepared to make such an assumption.

Of course they possess similar properties, but they are certainly not identical in substance, in function, or in language, taken either in a technical or a popular sense.

The question why the statute should have specified oil only, without mention of grease, must be referred to the inscrutable wisdom of the legislator upon whose province we cannot encroach in order to supply the omission.

An affirmance of the second proposition would involve judicial assumption that the risk of being drawn against the wheel must have been so palpable even to a lad without experience that a warning or instruction would have been superfluous, which would be an encroachment upon the province of the jury as we have already declared.

We presented this subject to the jury, properly, as we think, thus:

"The plaintiffs cannot recover if the boy's own carelessness helped to bring about the accident. He was bound to exercise ordinary prudence on his part, to take reasonable care of himself, and if, exercising such care he would not have been hurt, he cannot complain but must suffer without redress the penalty of his own contributory negligence.

" Now ask yourselves in all seriousness whether a person exercising common care under the circumstances, as you find them to have been, would have inserted a paddle one foot long in the narrow space between the belt above and below, against a moving wheel? Was that an act of ordinary prudence, of reasonable caution under the circumstances, or was it a careless thing to do, for which he ought to suffer the penalty without compensation exacted even from a negligent defendant?

" It is a question for you to determine under the evidence. If that grease had been oil, and if he had undertaken to oil that wheel while in motion, he would perhaps be barred by the statute of Pennsylvania, which positively prohibits the act of oiling dangerous machinery in motion. The boy did put the grease on the wheel while in motion, but I cannot say, as I am requested to say, that the evidence establishes a violation of the statute. I do say, however, that regardless of the statute it is within your province to find contributory negligence from all the circumstances. It is purely a question for you."

The claim of negligence by a fellow servant falls with the

jury's finding of fact above enumerated (2), that McGraw had authority to give the direction. If he had such authority his failure to give warning or instruction must be imputed to the employer and cannot be deemed the negligence of a fellow servant, as we understand the law upon this subject, and as we laid down to the jury, thus:

"It is undoubtedly a duty of the employer who puts an inexperienced employee to work upon a dangerous machine or in a dangerous place, to warn him of the danger and instruct him how to avoid it, unless the danger is so apparent that any person of ordinary intelligence, in his senses, must be presumed to be cognizant of it, and a warning would be superfluous. This duty of the employer is a direct personal and absolute obligation resting upon him from which nothing relieves but performance. It cannot be delegated by the superior to an inferior, however he may be designated, so that the latter's omission to give the warning becomes the act of a fellow servant, for which the superior would not be responsible; but the employer, of course, is not liable on this principle unless he or an authorized inferior puts the employee upon the dangerous job.

"You must find that McGraw had authority to give such a direction. If not, then it was the act of a fellow servant, for which defendant was not responsible. There is no express evidence of his authority, but if you believe from the evidence that McGraw, although inferior in authority to Wallace and Powell, the head bosses, nevertheless assigned the boys to their various jobs in that section of the breaker, setting them to pick slate or to watch the belt, or to oil machinery, as he deemed fit, you might legitimately infer therefrom his authority to give such a direction, particularly in view of the circumstances that the job was not so very remote from the line of the boy's regular duty to keep the belt clear. In that case, if you find that authority, he would be in that respect what the law designates a vice principal. If, however, you do not find this fact of McGraw's authority, you must conclude that in giving the direction he acted not as a vice principal representing the defendant and making the defendant responsible, but as a

fellow servant for whose failure to warn or instruct the defendant would certainly not be responsible."

Being unable to conclude that the submission of this case to the jury upon any of the propositions involved was erroneous, we are constrained to deny the motion for judgment non obstante veredicto.

*Error assigned* was in refusing binding instructions for defendant.

*B. R. Jones,* with him *D. R. Reese,* for appellant, cited: Fletcher v. Traction Co., 190 Pa. 117; O'Keefe v. Thorn, 24 W. N. C. 379; McEwen v. Hoopes & Townsend, 175 Pa. 237; Cracraft v. Limestone Co., 210 Pa. 15; Baldwin v. Urner, 206 Pa. 459; Voshefskey v. Coal & Iron Co., 21 App. Div. (N. Y.) 168.

*Thomas F. Farrell,* with him *John McGahren,* for appellees, cited: Sheetram v. Trexler Stave & Lumber Co., 13 Pa. Superior Ct. 219; Doyle v. Pittsburg Waste Company, 204 Pa. 618; Rummell v. Dilworth, 111 Pa. 343; s. c., 131 Pa. 509; Tagg v. McGeorge et al., 155 Pa. 368; Neilson v. Hillside Coal & Iron Co., 168 Pa. 256; Staddon v. Chapman Mineral Co., 33 Pa. Superior Ct. 475.

OPINION BY MR. JUSTICE BROWN, June 22, 1909:

On the argument of this appeal we all felt that the recovery by the appellees could not be sustained because the dangerous situation in which Bernard Sturtz had placed himself at the time he was injured was so obvious that warning of it and instructions as to it were not required from the appellant. This was due to certain statements appearing in the printed argument of counsel for appellant, said to be supported by the testimony in the case, and by this we understood that the supporting testimony was undisputed. The averments of counsel for appellant, said to be supported by the testimony in the case, are that Sturtz proceeded to the upper wheel and by climbing over the belt line and crawling on his stomach succeeded in getting the most of his body within the box

incasing the upper wheel; that the upper belt wheel was incased, fenced in and closed up in a box, and to reach it it was necessary for the plaintiff to leave his place of employment, walk a distance of fifty feet, crawl over the belt line, then crawl on a beam and, lying flat, reach his arm into the box where the wheel was located, and, in the small space of a few inches, attempt to apply grease by the paddle or sheet iron; and that it was only with the greatest difficulty that he was able to crawl into the place where the injury happened. On the case as presented to the jury upon the testimony of the injured appellee and his witnesses, the situation was by no means that appearing in the foregoing statements of counsel for appellant. The belief of the jury, fully justified by the testimony—the recital of which will serve no useful purpose—was that a few minutes before the young man was injured the belt was sticking on the wheel; that his boss, McGraw, authorized to direct him, ordered him to grease it; that he understood McGraw to mean that the upper belt wheel should be greased; that instead of crawling on his stomach to the point where he greased the wheel, he proceeded up a walk alongside of the belt for a distance of twenty-five or thirty feet, got on a log and from it, at a point about two feet away from the wheel, greased the same; that the place where he was working and the work itself were dangerous; that no warning or instruction had been given him; that he was inexperienced in the work he was directed to do and knew nothing of its danger, which was not so obvious as to affect him with knowledge, relieving the employer from warning or instruction.

The learned trial judge had some doubt as to the sufficiency of the proof of the direction by McGraw that the upper belt wheel should be greased and as to the obviousness of the danger, but because he had doubt as to what inferences might be drawn from the testimony on these two questions, he was bound to submit them to the jury. It is only in clear cases where the facts and inferences to be drawn from the testimony are free from doubt, and but one conclusion is deducible that the court may not permit a jury to reach a different one: Iseminger v. York Haven Water & Power Co., 206 Pa. 591.

The court below fully vindicated the propriety of the submission of the case to the jury in the opinion denying a motion for judgment for the defendant n. o. v., and on that opinion the judgments for the appellees are affirmed.