# Clark, Appellant, *v.* Lancaster.

*Negligence—Municipal corporations—Sidewalks—Loose grate—Curb—Contributory negligence—Burden of proof.*

1. Negligence of plaintiff, contributing to an injury complained of, is a matter of defense and ordinarily the burden of proving it is on the defendant.

2. The rule that a plaintiff must present a case clear of contributory negligence does not mean that after proving affirmatively that the defendant's negligence caused the injury, he must prove negatively that he himself was not guilty of negligence that contributed to the result.

3. In an action against a city to recover damages for personal injuries received from stepping upon a loose grate over a gutter, an admission by plaintiff that she was not looking down as she walked along, but was looking straight ahead is not sufficient to convict her of con-

tributory negligence unless it also conclusively appears from the testimony that if she had looked she could not have helped seeing the danger.

4. In such a case where two witnesses for the plaintiff apparently contradict each other as to whether the grate was visibly loose and out of place, and it is not clear whether the plaintiff could have seen it, it is for the jury to reconcile the conflicting statements of the witnesses, and a nonsuit should not be entered.

Argued May 16, 1910. Appeal, No. 152, Jan. T., 1910, by plaintiff, from order of C. P. Lancaster Co., Aug. T., 1908, No. 69, refusing to take off nonsuit in case of Annie E. Clark v. The City of Lancaster. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HASSLER, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*B. F. Davis*, for appellant.—The question of contributory negligence was for the jury: Elias v. City of Lancaster, 203 Pa. 638; Catawissa R. R. Co. v. Armstrong, 52 Pa. 282; Crumlich v. Harrisburg, 162 Pa. 624; Glase v. Philadelphia, 169 Pa. 488; Curry v. Erie City, 209 Pa. 283; Holbert v. Philadelphia, 221 Pa. 266.

*Bernard J. Myers*, city solicitor, for appellee.—The burden was on plaintiff to show no contributory negligence: Lerner v. Philadelphia, 221 Pa. 294; Robb v. Connellsville Borough, 137 Pa. 42; Dougherty v. Philadelphia, 210 Pa. 591; Buzby v. Phila. Tract. Co., 126 Pa. 559; Sickels v. Philadelphia, 209 Pa. 113; Kennedy v. Philadelphia, 220 Pa. 273; Byrne v. Philadelphia, 211 Pa. 598; McIlhenney v. Philadelphia, 214 Pa. 44; West Chester, etc., R. R. Co. v. McElwee, 67 Pa. 311; Germantown Pass. Ry. Co. v. Walling, 97 Pa. 55; Baker v. Fehr, 97 Pa. 70.

OPINION BY MR. JUSTICE BROWN, July 1, 1910:

The plaintiff was injured by stepping on a loose grate over a gutter on one of the streets in the city of Lancaster. It tilted as she stepped upon it and she was thrown to the ground, sustaining the injuries for which she seeks compensation in this action. There was ample evidence of the defendant's negligence, but a nonsuit was entered on the ground of the contributory negligence of the plaintiff, the court being of the opinion that, if she had looked where she was going, she would have seen the danger before her, which it was her duty to avoid. The learned trial judge, however, was clearly under a misapprehension of what was required of her in making out her case, and this may have led him into the error which must be corrected. In his opinion refusing to take off the nonsuit the following appears: "The burden was on the plaintiff not only to show that the defendant was negligent, but that she was free from any negligence that contributed in any degree to the accident: Lerner v. Philadelphia, 221 Pa. 294. We entered judgment of nonsuit for this reason and are now asked to strike it off." Nothing said in Lerner v. Philadelphia conflicts with the rule that the negligence of a plaintiff, contributing to the injury complained of, is a matter of defense, and ordinarily the burden of proving it is on the defendant. Contributory negligence on the part of a plaintiff is no more to be presumed than the negligence of a defendant. The rule that a plaintiff must present a case clear of contributory negligence does not mean that, after proving affirmatively that the defendant's negligence caused the injury, he must prove negatively that he himself was not guilty of negligence that contributed to the result: Bradwell v. Railway Co., 139 Pa. 404; Baker v. Westmoreland & Cambria Natural Gas Co., 157 Pa. 593; Fitzpatrick v. Union Traction Co., 206 Pa. 335; Coolbroth v. Penna. R. R. Co., 209 Pa. 433.

If it clearly appeared from the appellant's own testimony, or from that of the other witnesses—so clearly

that the jury could not have found otherwise—that the grate was loose or out of place, and that she ought to have seen its condition, patent to a passer-by, she assumed the risk of its tilting, and the judgment of nonsuit could not be disturbed. She admitted that she was not looking down on the ground as she was walking along, but was looking straight ahead. This, however, was not sufficient to convict her of contributory negligence, for it must have appeared that, if she had looked, she could not have helped seeing the danger. She lived near the point where she was hurt and at times passed by it, but testified that she had no knowledge that the grate was loose or that the crossing was dangerous. A witness who was walking with her when she fell testified that there was nothing to show that the grate was dangerous. But the trial judge was of opinion that, from the testimony of plaintiff's husband and that of another witness, it appeared that the grate was loose or out of place at the time of the accident, and that if the plaintiff had looked down at it, she would have seen its condition. It is true the husband testified that the grate was loose or out of place. When asked, however, whether he saw it was loose or off at the time of the accident, he answered that he could not see it from where he was standing, but knew it was loose because, when his wife trod on it, she went through it. Instead of testifying to what he saw of the condition of the grate at the time of the accident, he merely gave his reason for believing that it was then loose. Logan, the other witness, when asked by the court whether he saw that the grate was loose or out of place when the plaintiff stepped upon it, at first evaded answering, but finally admitted that, though standing only ten or twelve feet away from it, he could not say that he saw it was off its foundation. From some portions of the testimony of these two witnesses the jury might have found that, when the appellant stepped upon the grate, it was out of place and that she ought to have seen this, but the net result of their apparently contradictory testimony was

by no means so clear that from it the court was required to pronounce the plaintiff guilty of contributory negligence. It was, therefore, for the jury to reconcile the conflicting statements, and, if they were unable to do so, to say which should prevail: Ely v. Railway Company, 158 Pa. 233.

The assignments of error are sustained and the judgment is reversed with a procedendo.