# Gorman and Gorman *v.* Philadelphia, 'Appellant.

*Negligence—Municipalities—Defect in street—Case for jury.*

In an action of trespass to recover damages for personal injuries, sustained in a fall on a city pavement, the case is for the jury and a verdict for the plaintiffs will be sustained, where the plaintiff testified that she was observing where she was walking, although she was not looking down at the pavement immediately in front of her.

The fact that the plaintiff admitted that she could see the hole in the sidewalk after she had fallen into it when she got up and looked at it carefully, would not have warranted the court in de-

claring that if she had exercised ordinary care before the accident she must have seen the defect and, therefore, was guilty of contributory negligence.

The exercise of care according to the circumstances does not require that a person, walking along the sidewalk of a city street, should keep his vision fixed upon the sidewalk immediately in front of him; he must look where he is going and the duty is upon him to exercise reasonable care to avoid collision with others whose right to use the sidewalk is equal to his own.

Argued October 5, 1923. Appeals, Nos. 241 and 242, Oct. T., 1923, by defendant, from judgments of C. P. No. 2, Phila. Co., Dec. T., 1920, No. 6356, on verdict for plaintiffs in the case of Margaret Gorman and Thomas Gorman v. The City of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff, Margaret Gorman in the sum of $2,500 and for the plaintiff, Thomas Gorman, in the sum of $500 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*Raymond A. White, Jr.,* Assistant City Solicitor, and with him *William M. Stewart, Jr.,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellant.

*Victor Frey,* and with him *Augustus T. Ashton,* for appellees.

OPINION BY PORTER, J., November 19, 1923:

These appeals are from judgments obtained by the plaintiffs, husband and wife, for injuries sustained by

the wife when she stepped into a hole in the sidewalk on one of the streets of the City of Philadelphia. The assignments of error raise but a single question: Under the evidence produced by the plaintiffs was the contributory negligence of Margaret Gorman a question of law for the court, or one of fact to be determined by the jury.

On the evening of January 4, 1921, Margaret Gorman returning from an errand elsewhere stopped in a grocery store and made some purchases which she was carrying home in a basket. There were two steps from the front door of the store down to the pavement. She testified that she looked down as she passed down the steps, and having arrived upon the sidewalk she turned and walked thereon two or three steps, when she stepped into a hole in the middle of the sidewalk, fell and was seriously injured. The hole was about sixteen inches in diameter and six inches deep. The sidewalk at that point and for some distance in each direction was covered by an awning. It was dark at the time, there was no evidence that there were any artificial lights in the neighborhood, and one witness, who seemed to be impartial, testified: "It seemed to be awful dark. It was like an awning over the store." The evidence would have warranted a finding that Mrs. Gorman had no previous knowledge of the condition of the sidewalk. She testified that she was not looking directly down at the pavement immediately in front of her at the time she fell, and explained the way in which she was proceeding thus: "I looked this way while I was walking along, just the same as I would do going over any other pavement." She evidently here indicated exactly the manner in which she was using her eyes, for the learned counsel, who was cross-examining her, assumed this as indicating that the center of her line of vision would be upon the sidewalk about fifteen feet in front of her, and in answer to his questions the witness accepted that interpretation of her testimony. Counsel for the defendant then asked the question: "Q. You didn't look in the space between the

fifteen feet and where you get off the pavement, is that right? A. It was dark there. Of course, I had my basket on my arm, as I told you, and I was looking this way towards the pavement, as I went along, that I wouldn't stumble if there was anything there, I wouldn't stumble over it." It is contended on behalf of the city that, from this statement, as to the manner in which she was proceeding and using her eyes, the court below ought to have declared, as matter of law, that the plaintiff was guilty of contributory negligence. This contention is not well founded. The exercise of care according to the circumstances does not require that a person walking along the sidewalk of a city should keep his vision glued to the sidewalk immediately in front of his toes; he must look where he is going and the duty is upon him to exercise reasonable care to avoid collision with others whose right to use the sidewalk is equal to his own. The fact that Mrs. Gorman was not looking at that part of the sidewalk upon which she proposed to set down her feet as she took each step, was not sufficient to convict her of contributory negligence, for, in order to do so, it must also appear that if she had looked she could not have helped seeing the danger: Clark v. Lancaster, 229 Pa. 161. The mere fact that the plaintiff admitted that she could see the hole in the sidewalk, after she had fallen into it; when she got up and looked at it carefully, would not have warranted the court in declaring that if she had exercised ordinary care before the accident she must have seen the defect, and, therefore, was guilty of contributory negligence. In Bruch v. Phila., 181 Pa. 591, it was said: "This is the identical experience of the most careful man who has met with such an accident. In the exercise of ordinary care he does not see the peril, otherwise he would avoid it; he falls into an excavation, crawls out, and by looking carefully, with all his senses quickened by the mishap, he sees and realizes the cause. By the exercise of extraordinary care before the accident he might have discovered that which was not ordinarily

observable. But, the public walking on the pavements of a large city, are not bound to exercise extraordinary care; care according to the circumstances, is all the law enjoins. They have the right to assume the pavements are reasonably safe, and that they, by the ordinary use of their eyes, at an ordinary pace, can safely walk on them." The learned judge of the court below submitted the question of the contributory negligence of the plaintiff to the jury with instructions which were both clear and correct. The assignments of error are dismissed.

The judgments are affirmed.