Klein et ux. *v.* F. W. Woolworth Co., Appellant.

Argued October 13, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Robert D. Dalzell,* of *Dalzell, Dalzell, McFall & Pringle,* for appellant.

*Ben Paul Brasley,* of *Brasley, Rubin, Baltere & Cole,* for appellees.

PER CURIAM, November 28, 1932:

Plaintiffs, husband and wife, sued in trespass to recover damages for alleged injuries to the wife, sustained in a fall on March 23, 1927, in defendant's store in the City of McKeesport. After verdict rendered for plaintiffs, the trial judge refused defendant's motion for judgment non obstante veredicto, but granted a new trial. Defendant appealed.

The alleged negligence on the part of defendant was in washing and oiling the floor of one of the aisles of the storeroom without "powdering" the oiled space to render it reasonably safe for prospective customers. This condition was substantiated by plaintiffs' principal witness,

one Morse, a colored man, who testified he was the janitor or porter of the store at the time, and had washed and oiled the floor, but was called away to other duties before properly finishing the task. Inasmuch as plaintiffs could not recover without the testimony of the porter,—Spickernagle v. Woolworth, 236 Pa. 496; Gorman v. Brahm's Sons, Inc., 298 Pa. 142,—appellant argues that it is entitled to judgment n. o. v. since that testimony was completely nullified by placing in evidence its records indicating Morse was not an employee of defendant on the date of the accident, citing Lessig v. Reading Transit Co., 270 Pa. 299, and Cubitt v. N. Y. C. R. R. Co., 278 Pa. 366. Appellant's contention that "the evidence of the payroll books is of the same value as maps and plans" cannot be sustained. Employment sheets of this character are not official records, kept pursuant to law, and they may be successfully contradicted. Here, however, we have the testimony of defendant's bookkeeper that she kept the records of all employees and that Morse's name does not appear as an employee at the time the accident is alleged to have occurred; accordingly the records are admissible, not as decisive evidence under the circumstance here present, but for consideration with the other testimony by the jury. This is not a case for application of the "physical facts and mathematical tests" doctrine. "The facts here are not of the kind included in the terms 'indisputable physical condition' nor do they furnish the basis for mathematical tests demonstratively overcoming the presumptions in plaintiff's favor": Talarico v. Baker Office Furniture Co., 298 Pa. 211, 215.

The award of a new trial rested within the sound discretion of the trial judge. In view of the many inconsistencies in the testimony offered by both sides, there was no abuse of that discretion.

The order of the court below refusing the motion for judgment non obstante veredicto and granting a new trial is affirmed.