Ralston et al. *v.* Merritt, Appellant.

Argued March 4, 1935.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*E. C. Marianelli,* with him *J. Thirwall Griffith* and *John E. Morris, Jr.,* for appellant.

*Frank P. Slattery,* and with him *Frank Slattery, Jr.,* for appellees.

OPINION BY BALDRIGE, J., April 15, 1935:

On March 7, 1930, at about 10 a. m., the wife plaintiff, carrying a paper shopping bag about 18 inches wide and 2 feet long, entered the drug store of the defendant. The day was dark and the store was dimly lighted. The injured plaintiff opened the door, walked inside, turned around, closed the door, and after she had taken a second step she slipped and fell to the floor and slid thereon until she came in contact with the soda fountain, injuring her spine. After being assisted to arise, she observed an employee of the defendant on the opposite side of the store on his knees waxing the floor. She then saw on the floor "a greasy, waxy substance similar to a thick vaseline ...... as unguentine, or a salve," which had been unevenly placed thereon. Where she slipped and in some other places it was from one to one and three-quarter inches thick.

A Mrs. Jordan, who entered the store after Mrs. Ralston and was standing at the door just as the latter fell, testified: "I just gripped myself or I would have gone down." Mrs. Morris, another witness, stated that she had just preceded Mrs. Ralston into the store, and "saw a man and boys coming out, and this one boy was sliding along on his feet like on the greasy floor," which put her on her guard.

The court submitted the question of the wife plaintiff's contributory negligence and defendant's negligence to the jury, and verdicts were rendered in favor of the plaintiffs.

The first assignment of error is to the refusal of the

court to giving binding instructions, on the ground that the evidence showed Mrs. Ralston was guilty of contributory negligence and the plaintiffs failed to establish the defendant's negligence.

The defendant argues that as only one-half the floor was waxed, a way was open for Mrs. Ralston to walk on the untreated portion, citing Weiner v. Phila. R. T., 310 Pa. 415, 165 A. 252. This is not a case where one elected to follow a dangerous, instead of an available safe, route. While but half the floor was waxed, it does not appear that the injured plaintiff could have avoided stepping on that portion as she entered the store. The facts reasonably indicate the contrary, as she fell, as above observed, almost immediately after closing the door, and, apparently, there was nothing to give her notice of an unsafe condition. It was not her duty to anticipate that it was necessary that she exercise greater care on account of the negligent treatment of the floor, of which she was ignorant. She assumed the usual and not the extraordinary risks: Fredericks v. Atlantic Ref. Co., 282 Pa. 8, 16, 127 A. 615. The injured plaintiff was a frequent customer at this store and no conditions existed on her previous visits to warn her of the danger that confronted her, so that she was not testing a manifest hazard. It was for the jury to say whether, by the use of ordinary care, she could have seen and avoided the wax, and it had a right in determining the question of injured plaintiff's negligence to take into consideration the light and all the attending circumstances. The presumption is that she used due care, and the proof does not clearly establish the contrary. She was not required to use as high a degree of care in keeping her eyes on the floor as in watching her steps when traveling on a highway: Bloomer v. Snellenburg et al., 221 Pa. 25, 69 A. 1124. In that case, the court held that it was not reasonable to expect the same degree of at-

tention when in a store, where goods are on display and other things attract one's attention, as when using a highway. It is true that the injured plaintiff did not look at the floor until after she had arisen. But, in view of the alleged inadequate lighting conditions in the store, it might very reasonably be assumed that if she had looked she would not have observed the danger that confronted her. At least her lack of care was not so evident that the only conclusion that could have been reached was that she was negligent. Consequently, the court would have been in error to have withheld that question from the jury: Sturtz v. Dela. L. & W. R. R. Co., 225 Pa. 249, 74 A. 30.

Was there sufficient evidence to submit to the jury the question of defendant's negligence?

In Robb v. Niles-Bement-Pond Co., Inc., 269 Pa. 298, 112 A. 459, an accident was caused by plaintiff's stepping into a pool of oil about two feet in diameter near the doorway of a factory. A recovery was allowed. The court held that the defendant was required to use reasonable care to keep his premises in such condition as not to expose plaintiff to unnecessary danger, citing with approval the following rule (p. 300):

"The owner or occupant of premises who induces others to come upon it by invitation express or implied owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger."

In Markman v. Fred P. Bell Stores Co., 285 Pa. 378, 132 A. 178, the proprietor of a grocery store knowingly permitted fat meat and vegetables to remain on the steps of his store. A customer about to leave the store slipped on the refuse and was injured. A judgment against the proprietor for the injuries was sustained.

In Klein et ux. v. F. W. Woolworth Co., 309 Pa. 320, 163 A. 532, the alleged negligence was the washing and oiling of the floor without "powdering" the oiled space to render it reasonably safe, and the court held that the question of negligence was for the jury.

Our attention is called by the appellant to Spickernagle v. Woolworth, 236 Pa. 496, 84 A. 909, where a recovery was not allowed. But, there, the plaintiff failed to show that the floor had been oiled in an improper manner, or that it was in any other or different condition than would result from proper oiling. Furthermore, it does not appear that insufficient lighting conditions were involved. He cited, also, McCann v. Gordon, 315 Pa. 367, 172 A. 644, and Dimarco v. Cupp Grocery Co., 88 Pa. Superior Ct. 449.

In the McCann case, the court said (p. 368): "The most that can be said of plaintiff's testimony is that it indicated the floor of her shop had been freshly waxed, and that in walking across it she slipped and fell." Well, that is not sufficient proof of negligence.

In the Dimarco case, a floor had been oiled by defendant's employee and the plaintiff slipped and fell, but there was no testimony that the oil had been applied improperly, spread too thickly, or lay in gobs, as in the instant case, and recovery was not allowed.

We are thoroughly convinced that the defendant's negligence was for the jury.

The second assignment of error relates to the failure of the court to individuate sufficiently the damages, pain and suffering, which are exclusively attributed to the injury to plaintiff's spine. This contention was not vigorously pressed and is without merit. Mrs. Ralston was operated upon for injury to her spine on April 21, 1930, which was some time after she had submitted herself to a goitre operation. The court was very careful to instruct the jury that they were to allow compensation only for any pain and suffering,

expenses, etc., resulting from the injury sustained in defendant's store.

We find nothing on the record to warrant our disturbing the verdicts of the jury.

Judgments are affirmed.