Ross et al. *v.* Mayflower Drug Stores, Inc.,
Appellant.

Argued October 2, 1936. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

514

*J. Roy Dickie,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* for appellant.

*E. V. Buckley,* of *Margiotti, Pugliese, Evans & Buckley,* with him *Joseph A. Rossi,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, December 7, 1936:

The court below refused to enter judgment for defendant non obstante veredicto. Defendant appeals assigning the refusal as error.

The case is a very close one. We have not been convinced, however, that it should have been determined by the court as a matter of law.

About 8 o'clock on a December night, the minor plaintiff, in leaving defendant's store, in which she had been a customer, fell on the icy step leading to the pavement and was injured. There can be no question about the icy condition of the step; three other persons had fallen on it during the afternoon: *Fisher v. Pomeroy's, Inc.,* 322 Pa. 389, 185 A. 296. The manager of the store had notice in the afternoon of the presence of the ice and had neither removed it nor adopted any other measures to protect his customers. When she entered the store a few minutes before the accident, the plaintiff did not look for and did not see the ice, nor did she look at the step which was level with the floor of the store or observe its icy condition as she stepped upon it in leaving. There is a question whether, in view of the light conditions and the dark color of the ice itself, she would have seen it unless her scrutiny had been very close. The door was a double one. One half of it only could be opened. It closed automatically. When it was closed, so far as a person standing inside the door was concerned, the step was in a shadow due to the fact that the lower part of the door was made of wood. When the door was opened,

the plaintiff's own shadow was cast on the steps, because the lights were behind her. When she placed her foot on the step in entering the store she did not slip; nothing was indicated to her senses that the condition of the step foreboded danger and that she might slip on leaving. As she was going out through the doorway a man was coming in. He was but two steps away from her. Necessarily her attention was centered on him *(Markman v. Bell Stores Co.,* 285 Pa. 378, 132 A. 178) and distracted from the step, the icy condition of which was obscure under the lighting conditions. In *Clark v. Lancaster,* 229 Pa. 161, 164, 78 A. 86, 87, we said: "She [plaintiff] admitted that she was not looking down on the ground as she was walking along, but was looking straight ahead. This, however, was not sufficient to convict her of contributory negligence for it must have appeared that, if she had looked, she could not have helped seeing the danger." This was substantially repeated in *Gorman and Gorman v. Phila.,* 82 Pa. Superior Ct. 136; and in *Ralston v. Merritt,* 117 Pa. Superior Ct. 487, 490, 178 A. 159, 160, that court thus summed up the situation before it: "It is true that the injured plaintiff did not look at the floor until after she had arisen. But, in view of the alleged inadequate lighting conditions in the store, it might very reasonably be assumed that if she had looked she would not have observed the danger that confronted her. At least her lack of care was not so evident that the only conclusion that could have been reached was that she was negligent."

In our opinion the situation shown by the testimony in the present case does not parallel that in such cases as *Bilger v. Great A. & P. Tea Co.,* 316 Pa. 540, 175 A. 496; *Ziegler v. Western Union Telegraph Co.,* 319 Pa. 274, 179 A. 45; *Walker v. Broad & Walnut Corp.,* 320 Pa. 504, 182 A. 643, where recovery was denied, but rather discloses one in which there was sufficient doubtfulness to warrant the questions of defendant's negligence and

the contributory negligence of plaintiff being submitted to the jury for solution.

The judgments are affirmed.