Rowland et ux., Appellants, *v.* McCallister et al.

Argued November 10, 1937.

422

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Bruce S. Cronlund*, with him *Kesniel C. Acton* and *Edreth P. Acton*, for appellants.

*Algernon R. Clapp*, of *White & Clapp*, for appellees.

OPINION BY Stadtfeld, J., December 17, 1937:

This is an action of trespass by Eva Rowland and Horace Rowland, her husband, against David F. McCallister, Sr., David F. McCallister, Jr., John S. McCallister and Richard H. Smith, individually and trading as D. F. McCallister & Sons. Damages are sought by the wife plaintiff, for injuries received as the result of slipping and falling upon a waxed floor of a room or a hall in a building operated by defendants. The husband, plaintiff, also seeks damages for the sums of money he has been obliged to pay out for medical and hospital bills in the treatment of his wife's injuries, and for the loss of his wife's society and services as a result of her injuries. After trial, the jury rendered a verdict in favor of the wife plaintiff, in the sum of $600 and in favor of her husband in the sum of $590.

Defendants' motion for judgment n.o.v. was granted, and judgment entered for defendants. This appeal followed.

The question before this court is whether or not, on an appeal by the plaintiffs in the court below from a judgment n.o.v. entered in favor of the defendants, the court below, considering the testimony in the light most advantageous to plaintiffs and giving the benefit of every fact and proper inferences of fact, was justified in entering the judgment.

In his charge to the jury, the learned trial judge withdrew from their consideration any charge of negligence on the part of the defendants insofar as the condition of the floor was concerned, but left it with the jury to determine only whether or not the room at the door was properly lighted, and whether or not the wife, plaintiff, exercised the care of an ordinary, prudent person under the circumstances. He accurately stated that, "There was nothing to indicate that the floor had been improperly or even recently waxed." No exception was taken by the plaintiffs to this limitation of the issues submitted to the jury.

On the issue of illumination, three witnesses, in addition to Mrs. Rowland herself, testified on behalf of the latter. Mrs. Rowland testified that though she could not remember having looked into the room upon entering, she stated with reference to the floor, "If I would glance down the room, I could see it." The evidence disclosed that the lights in the room were draped with porcelain shades; that the room was brighter directly underneath the lights; that the part of the room at the doorway where Mrs. Rowland fell was shaded, and that there were no lights directly around the doorway. Two of these witnesses further testified that when they looked at the floor they had no trouble in seeing its condition. The effect of all the evidence, together with any inferences that may be reasonably deduced there-

from, makes it clear that though the room was somewhat more shaded at the doorway and between the lights than directly below them, the condition of the floor as it then existed was plainly visible.

Appellants rely particularly upon the cases of *Ralston v. Merritt,* 117 Pa. Superior Ct. 487, 178 A. 159, and *Ross v. Mayflower Drug Stores, Inc.,* 324 Pa. 513, 188 A. 346. In the former case, this court decided that in an action for injury sustained by the plaintiff when she slipped and fell on an unevenly waxed floor just after entering a dimly lighted store, the questions of negligence and contributory negligence were, in view of the attending circumstances, properly submitted to the jury. In the present case there is no evidence of an "unevenly waxed floor," and further, the question of defendants' negligence with respect to the condition of the floor was without objection withdrawn from the consideration of the jury.

In the Ross case, the minor plaintiff, defendant's customer, was leaving defendant's store and fell on an icy step leading to the pavement. When the plaintiff was going out through the doorway of the store, she did not look at the step, which was on a level with the floor of the store, or observe its icy condition as she stepped upon it. Visibility of the step was greatly impaired by the shadow of an outgoing person, since the lights of defendant's store were behind him. Defendants had made no provision for diverting such shadows. The question of defendant's negligence and of plaintiff's contributory negligence were left for the jury. There the dangerous condition of the icy steps, together with the very poor lighting conditions, certainly presents a different circumstance from the present case, where the not improperly waxed floor was, to Mrs. Rowland's knowledge, used on many occasions, during the last twelve years, for dances, and where sufficient visibility existed.

Considering both the condition of the floor and the degree of visibility in the present case, nothing in the evidence warrants the finding that defendants were guilty of a breach of duty of reasonable care toward Mrs. Rowland. Neither the wife plaintiff, nor her husband are, therefore, entitled to recover.

Judgment is affirmed.