Opinion by
 

 Stadtfeld, J.,
 

 This is an action of trespass brought by Alice Weir, plaintiff, to recover for injuries suffered as a result of the alleged negligence of the defendant, Bond Clothes Inc., a corporation.
 

 Defendant operates a men’s clothing store at 313 Lackawanna Avenue in the City of Scranton. The premises are approximately 100 feet deep. The fore part is used for the display of merchandise which is arranged on either side of the aisle or passageway leading to the back wall of the storeroom. In the rear part of the premises is located the defendant’s office. The surface of the defendant’s floor was covered with linoleum, waxed regularly and maintained in a highly polished condition. On the 14th day of April, 1934, between the hours of 1:00 and 1:30 o’clock in the afternoon, plaintiff and her mother, Lila Weir, approached the defendant’s store. The mother entered for the purpose of paying a bill. A short time thereafter, plaintiff entered for the purpose of meeting her mother. She proceeded along the passageway until she reached a point approximately 14 or 15 feet from the office in the rear of the premises, when she slipped and fell heavily to the floor, suffering the injuries complained of. In attempting to get to her feet, plaintiff placed her weight on her hand, but because of the slippery condition of the highly glossed linoleum covering, she slipped again. Finally, her mother assisted her to her feet. Plaintiff’s clothes and hands were stained with a
 
 *56
 
 waxy, greasy substance, as a result of the contact with the polished linoleum. After the fall, she noticed the presence of blotches and irregular patches of wax on the floor. Plaintiff’s evidence was to the effect that the wax had been improperly applied the Friday night preceding the accident, on Saturday afternoon. Defendant’s evidence tended to show that the wax was applied the Monday preceding the Saturday on which the injuries were suffered; that the Avaxing process was completed on the preceding Tuesday. No warning of the slippery condition was given, nor was light in the rear part of the store, according to plaintiff’s testimony, sufficient to expose the danger.
 

 At the conclusion of the trial, the jury awarded plaintiff $1,500. Defendant filed a motion for judgment n. o. v. The court made the rule absolute in an opinion by Leavis, J., directing judgment to be entered for the defendant. This appeal followed.
 

 The verdict having been in favor of plaintiff, in considering the motion for judgment non obstante veredicto, we must give plaintiff the benefit of all the evidence and reasonable inferences therefrom favorable to her and reject all others:
 
 Cathcart v. Sears Roebuck & Co.,
 
 120 Pa. Superior Ct. 531, 183 A. 113;
 
 McDonald v. Pgh.,
 
 278 Pa. 485, 123 A. 467;
 
 Fuller v. Stewart Coal Co.,
 
 268 Pa. 328, 112 A. 65;
 
 Muehlhof v. Reading Co.,
 
 309 Pa. 17, 162 A. 827.
 

 Plaintiff testified that the rear of the store was dimly lighted only by a window in the rear; that looking straight ahead as she walked toward the back part of the store, she suddenly fell to the floor;, that after being assisted to a chair, she noticed little blotches of wax enclosed in area of about two feet in diameter at the place where she had fallen; and that in her opinion the wax on the floor where she had fallen had not been rubbed down.
 

 The testimony of plaintiff’s mother was to the effect
 
 *57
 
 that the place where plaintiff had fallen was “spotty or blotchy” and that the thickness of the wax was about one-thirty-second of an inch and enclosed in an area of about two feet square; and that in her opinion, the place on the floor had not been rubbed down.
 

 The court submitted the case to the jury in a fair and comprehensive charge as to the burden on plaintiff to establish by the weight of the evidence, the negligence of the defendant before there could be a recovery, as also to the effect of any contributory negligence on the part of plaintiff barring a recovery.
 

 The duty of the possessor of business premises to a business invitee is fully set forth in a very comprehensive opinion by Mr. Justice Barnes in
 
 Vetter v. Great A. & P. Tea Co., 322
 
 Pa. 449, 185 A. 613, on p. 454, as follows: “The appellee was lawfully on the premises as an invitee. Appellant owed him a duty to use due care for his protection and to keep the premises in a reasonably safe condition, for the uses and purposes of the invitation, so as not to expose appellee to danger. It is true that in cases such as the present the person in ownership or control of the property is not the insurer of the safety of the invitee; his duty is discharged by the exercise of reasonable care. To such effect we have declared the rule in several of our recent decisions. Mr. Justice Simpson in
 
 Nettis v. Gen. Tire Co.,
 
 317 Pa. 204, 209 said: ‘All the authorities agree that it is incumbent upon the owner of premises upon which persons come by invitation, express or implied, to maintain such premises in a reasonably safe condition for the contemplated uses thereof and the purposed for which the invitation was extended:
 
 Newingham v. J. C. Blair Co.
 
 232 Pa. 511;
 
 Craig v. Riter-Conley Mfg. Co. 272
 
 Pa. 219.’ To the same effect we recently held in
 
 Kulka v. Nemirovsky,
 
 314 Pa. 134, 139: ‘Defendant owed to the plaintiff the affirmative duty of keeping his premises reasonably safe for business visitors, such
 
 *58
 
 as plaintiff, and of giving warning of any failure to maintain them in that condition;
 
 Robb v. Niles-Bement-Pond Co.,
 
 269 Pa. 298;
 
 Markman v. Bell Stores Co.,
 
 285 Pa. 378;
 
 Newingham v. J. C. Blair Co.,
 
 232 Pa. 511;
 
 Pauckner v. Wakem,
 
 231 Ill. 276;
 
 Starcher v. So. Penn Oil Co.,
 
 81 W. Va. 587, 602; Restatement, Torts, Section 332 (see comment a). Plaintiff was entitled to rely on defendant’s performance of this duty: Restatement, Section 343 (see comment d);
 
 Yuhasz v. Pitt. Const. Co.
 
 305 Pa. 166;
 
 Adams v. Fields,
 
 308 Pa. 301, 305;
 
 Blondin v. Oclitic Quarry Go.,
 
 11 Ind., App. 395;
 
 Gobrecht v. Beckwith,
 
 82 N. H. 415.’ ”
 

 While the mere presence of wax or oil on the floor of business premises is not of itself negligence, where there is evidence tending to show that it was improperly applied, it becomes a question for the jury. See
 
 W. B. MacDonald et ux. v. F. & W. Grand, Inc.,
 
 89 Pa. Superior Ct. 526.
 

 In view of the verdict of the jury in favor of plaintiff, it is not necessary to discuss the question of contributory negligence. The language of our court in
 
 Ralston et al. v. Merritt,
 
 117 Pa. Superior Ct. 487, 178 A. 159, is most pertinent (p. 489): “......It was not her duty to anticipate that it was necessary that she exercise greater care on account of the negligent treatment of the floor, of which she was ignorant....... It was for the jury to say whether, by the use of ordinary care,'she could have seen and avoided the wax and
 
 it fiad a right in determining the question of injured, plaintiff’s negligence to take into consideration the light and ¡all the attending circumstances.
 
 The presumption is that she used due care and the proof does not clearly establish the contrary. ¡She was not required to use as high a degree of care in keeping her eyes on the floor as in watching her steps when traveling on a highway.
 
 Bloomer v. Snellenburg et al.,
 
 221 Pa. 25, 69 A. 1124. ......” (Italics supplied).
 

 
 *59
 
 Likewise in the case of
 
 Ross v. Mayflower Drug Stores,
 
 324 Pa. 513, 188 A. 346, the Supreme Court, in affirming a refusal of the lower court to enter judgment n. o. v. after a verdict for plaintiff, in an opinion by Mr. Justice Schaffer, said at p. 515: “......In
 
 Clark v. Lancaster,
 
 229 Pa. 161, 164, 78 A. 86, 87, we said: ‘She (plaintiff) admitted that she was not looking down on the ground as she was walking along, but was looking straight ahead. This, however, was not sufficient to convict her of contributory negligence for it must have appeared that if she had looked, she could not have helped seeing the danger.’ This was substantially repeated in
 
 Gorman and Gorman v. Phila.,
 
 82 Pa. Superior Ct., 136; and in
 
 Ralston v. Merritt,
 
 117 Pa. Superior Ct. 487, 490, 178 A. 159, 160, that court thus summed up the situation before it: ‘It is true that the injured plaintiff did not look at the floor until after she had arisen......It might very reasonably be assumed that if she had looked she would not have observed the danger 'that confronted her. At least, her lack of care was not so evident that the only conclusion that could have been reached was that she was negligent.’
 

 “In our opinion the situation shown by the testimony in the present case does not parallel that in such cases as
 
 Bilger v. Great A. & P. Tea Co.,
 
 316 Pa. 540, 175 A. 496;
 
 Ziegler v. Western Union Telegraph Co.,
 
 319 Pa. 274, 179 A. 45;
 
 Walker v. Broad & Walnut Corp.,
 
 320 Pa. 504, 182 A. 643, where recovery was denied, but rather discloses one in which there was sufficient doubtfulness to warrant the questions of defendant’s negligence and the contributory negligence of plaintiff being submitted to the jury for solution.”
 

 After a careful consideration of the entire record, we are of the opinion that it would have been error to have withdrawn the case'from the consideration of the
 
 *60
 
 jury and that there was sufficient evidence to sustain the verdict for plaintiff.
 

 The assignment of error is sustained, judgment reversed and now entered in favor of plaintiff-appellant.