## McCAFFERTY et al. v. GREAT ATLANTIC & PACIFIC TEA CO.
### No. 19628.

District Court, E. D. Pennsylvania.
April 20, 1938.

Victor Frey, of Philadelphia, Pa., for plaintiffs.

Charles E. Kenworthey and Richardson Dilworth, both of Philadelphia, Pa., for defendant.

JOHNSON, District Judge.

This is an action in trespass to recover damages resulting from personal injuries to Mary A. McCafferty, plaintiff, received by her on June 27, 1935, on account of the negligent condition of the floor to the entrance of defendant's store in the city of Philadelphia. The case was tried before the court and a jury and verdict rendered for Mary A. McCafferty, plaintiff, in the sum of $2,000, and for James J. McCafferty, her husband, in the sum of $1,000. The defendant moved for a nonsuit at the close of the plaintiff's evidence and submitted a point for binding instructions at the close of the case upon which the court reserved a point of law. The defendant is now asking for judgment on the point of law reserved and for a new trial.

Two questions arise: First, the negligence of the defendant; and, secondly, the contributory negligence of the plaintiff. There was evidence of a depression in the floor of about one-half an inch located at or near the door sill, and that in this depression there was grease or an oily substance about one-half an inch deep which had accumulated from the greasing and oiling of the floor, and that when the plaintiff was leaving the store where she had made some purchases, she stepped into this depression or hole with the heel of her shoe which caused her to fall forward and to receive her injuries.

In considering the sufficiency of the evidence, the plaintiffs must be given the benefit of all the evidence and inferences most favorable to them. McDonald v. Pittsburgh, 278 Pa. 485, 123 A. 467. Applying this rule of law to the evidence, it cannot be said by the court as a matter of law that there was no proof of negligence; the negligence of the defendant is a question of fact for the jury and not of law for the court. Ralston v. Merritt, 117 Pa.Super. 487, 178 A. 159; Ross v. Mayflower Drug Stores, Inc., 324 Pa. 513, 188 A. 346.

Secondly, the contributory negligence of the plaintiff Mary A. McCafferty. There was evidence that the screen door at the entrance of the store caused a shadow to fall on the door sill, due to the fact that the lower part of the door was made of wood; on this account it may reasonably be assumed that the plaintiff did not, or could not, observe the depression and the grease as she was passing out of the store. At least, the lack of care was not so evident as to require the court to declare the plaintiff guilty of contributory negligence; the contributory negligence of the plaintiff was a question of fact for the jury and not of law for the court. Clark v. Lancaster 229 Pa. 161, 78 A. 86; Ralston v. Merritt, supra; Ross v. Mayflower Drug Stores, Inc., supra.

The reasons assigned by the defendant for judgment on the point reserved and for a new trial are without merit and must, therefore, be dismissed.