## CALDWELL et al. v. SEARS–ROEBUCK & CO.
### No. 357.

District Court, W. D. Pennsylvania.
March 19, 1940.

Sachs & Caplan and Leonard M. S. Morris, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is a civil action by Janet Caldwell and William Caldwell, her husband, against Sears-Roebuck and Company, to recover damages by reason of injuries to Mrs. Caldwell, alleged to have been caused by negligence of the defendant in placing or permitting sweepings to accumulate on a step of a stairway located in a store of defendant in the City of Pittsburgh, which was used by its customers.

At the trial, defendant submitted requests for binding instructions, on the ground that Mrs. Caldwell was guilty of contributory negligence and that defendant was not negligent. These requests were reserved. The court submitted the questions of defendant's negligence and of Mrs. Caldwell's contributory negligence to the jury, which returned a verdict in favor of the plaintiffs in the aggregate sum of $1500.

The action is now before us on defendant's motion to have the judgment entered on the verdict set aside; and if said motion is refused, that a new trial be granted.

Defendant, in its oral and written argument in support of its motion to set aside said judgment, argued only that Mrs. Caldwell was guilty of contributory negligence as a matter of law. It was contended that she could have seen, if she had looked, the debris on the step which caused her fall; or if she could not have seen it, it was by reason of packages which she voluntarily carried in her arms at the time she fell. I shall limit my discussion to this question.

The law applicable to the questions of negligence of the defendant and contributory negligence of Mrs. Caldwell, plaintiff, is the law of the Commonwealth of Pennsylvania. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

Negligence is the failure to exercise care under the circumstances. It is the failure to exercise that care which reasonably careful and prudent people exercise under like circumstances. Contributory negligence is negligence of the plaintiff which contributes to the accident, or the injuries received. In order for a plain-

Clair D. Moss, of Pittsburgh, Pa., for plaintiff.

tiff to be guilty of contributory negligence, it must appear that she was negligent and that said negligence contributed to the accident. The presumption is, that Mrs. Caldwell exercised due care. Weir v. Bond Clothes, Inc., 131 Pa.Super. 54, 198 A. 896, 898.

■ The burden of proving contributory negligence of the plaintiff rests upon the defendant where the contributory negligence does not appear in plaintiff's presentation of her case. Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857; Pokora v. Wabash Railway Co., 292 U.S. 98, 54 S.Ct. 580, 78 L.Ed. 1149; McManamon v. Hanover Township, 232 Pa. 439, 81 A. 440.

■ The Supreme Court of Pennsylvania has laid down the rule which should govern its courts in passing upon the questions of negligence and contributory negligence. In Murphy v. Bernheim & Sons, Inc., 327 Pa. 285, 287, 194 A. 194, 195, it is stated: "A court will not declare a person guilty of contributory negligence unless the evidence of his negligence is clear and unmistakable. In McCracken v. Curwensville Boro., 309 Pa. 98, 114, 163 A. 217, 222, 86 A.L.R. 1379, we quoted the following with approval from 26 R.C.L. pp. 1067–69, § 75: 'It is an established principle that if there is any credible evidence from which a reasonable conclusion can be drawn in support of the claim of either party in the trial of a case, the question must be left to the jury. * * * A verdict should not be directed if on all the facts and circumstances there is room for fair and sensible men to differ in their conclusions, or, as it is sometimes stated, (if) the evidence is not such that honest minds could reach but one conclusion.' "

See, also, Vetter v. Great Atlantic & Pacific Tea Co., 322 Pa. 449, 455, 185 A. 613; Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720.

■ Mrs. Caldwell, plaintiff, had a right to· rely on defendant's performance of its duty to keep the steps upon which she walked in a reasonably safe condition for customers to walk thereon. In Vetter v. Great Atlantic & Pacific Tea Co., 322 Pa. 449, 455, 185 A. 613, 615, it is stated: "Defendant owed to the plaintiff the affirmative duty of keeping his premises reasonably safe for business visitors, such as plaintiff, and of giving warning of any failure to maintain them in that condition. Robb v.

Niles-Bement-Pond Co., 269 Pa. 298, 112 A. 459; Markman v. Bell Stores Co., 285 Pa. 378, 132 A. 178, 43 A.L.R. 862; Newingham v. J. C. Blair Co. 232 Pa. 511, 81 A. 556; Pauckner v. Wakem, 231 Ill. 276, 83 N.E. 202, 14 L.R.A.,N.S., 1118; Starcher v. So. Penn Oil Co., 81 W.Va. 587, 602, 95 S.E. 28; Restatement, Torts, sec. 332 (see comment a). Plaintiff was entitled to rely on defendant's performance of this duty. Restatement, sec. 343 (see comment d); Yuhasz v. Pitt Const. Co. 305 Pa. 166, 157 A. 461; Adams v. Fields, 308 Pa. 301, 305, 162 A. 177; Blondin v. Oolitic Quarry Co., 11 Ind.App. 395, 37 N.E. 812, 39 N.E. 200; Gobrecht v. Beckwith, 82 N.H. 415, 135 A. 20, 52 A.L.R. 858."

See Murphy v. Bernheim & Sons, Inc., 327 Pa. 285, 287, 194 A. 194.

In Ross et al. v. Mayflower Drug Stores, Inc., 324 Pa. 513, 515, 188 A. 346, the Supreme Court of Pennsylvania states: "In Clark v. Lancaster, 229 Pa. 161, 164, 78 A. 86, 87, we said: 'She (plaintiff) admitted that she was not looking down on the ground as she was walking along, but was looking straight ahead. This, however, was not sufficient to convict her of contributory negligence, for ·it must have appeared that, if she had looked, she could not have helped seeing the danger.' This was substantially repeated· in Gorman and Gorman v. Phila., 82 Pa.Super. 136; and in Ralston v. Merritt, 117 Pa.Super. 487, 490, 178 A. 159, 160, that court thus summed up the situation before it: 'It is true that the injured plaintiff did not look at the floor until after she had arisen. But, in view of the alleged inadequate lighting conditions in the store, it might very reasonably be assumed that, if she had looked, she would not have observed the danger that confronted her. At least her lack of care was not so evident that the only conclusion that could have been reached was that she was negligent.' "

See, also, Weir v. Bond Clothes, Inc., 131 Pa.Super. 54, 198 A. 896, 898.

In Markman v. Bell Stores Co., 285 Pa. 378, 132 A. 178, 43 A.L.R. 862, it was held that a customer's contributory negligence was a question of ·fact for the jury where parcels that she carried partially interfered with her vision. It appeared in that case, however, that her vision was affected also by customers.

■ In the present case, the defendant owned and operated a store in the East Liberty district of the City of Pittsburgh.

In that store there was a basement where goods were displayed and sold to defendant's customers. There was a stairway leading from the first floor to the basement for customers to pass over in going to and from the basement. This stairway consisted of two flights of stairs. There was a landing between the two flights; on this landing, goods were displayed. The tread of the steps was 12 inches; the risers were 6 inches; the steps were 8 feet wide. There was a ledge on each step, the width of which was not shown by the evidence. The steps were well lighted.

On a Saturday afternoon in September, 1938, Mrs. Caldwell went to the store with her sister-in-law for the purpose of making some purchases. The sister-in-law went direct to the basement. As she was going down the flight of stairs in question, she saw a person doing some sweeping thereon. After remaining in the basement about thirty minutes, she went to the first floor, going up the same flight of stairs. At that time, she noticed some debris on the first step below the landing, consisting of sweepings, which sweepings included dirt, paper, parts of cigarettes, etc., about 5 or 6 inches high.

After she returned to the first floor, she found Mrs. Caldwell there and after remaining with Mrs. Caldwell five or ten minutes, the two started for the basement, where Mrs. Caldwell desired to make some purchases. They went down the same flight of stairs. As Mrs. Caldwell stepped on the first step after the landing, her foot slipped and she fell to the foot of the stairs and was considerably injured as a result thereof. There was a large number of people in the store on this afternoon. People were going up and down the stairs at the time she fell; there were people on the step two steps ahead of her, also, going down. Mrs. Caldwell testified that she looked but that she could not see the step in front of her; she stated that she could not have seen the first step whether she carried packages or not. There was no evidence as to whether there had been a change in the debris on the step on which she fell between the time that the sister-in-law went up the flight of stairs and that the time that the sister-in-law and Mrs. Caldwell went down the stairs. They both testified that there was debris scattered over the steps after Mrs. Caldwell fell.

It is not clear that the court could say, as a matter of law, that Mrs. Caldwell could have seen the sweepings on the first step if she had looked. Her vision was partly impaired by the packages which she was carrying. If she could have seen the debris, if she had looked, it still remains not clear what the amount of the debris was or how it was placed on the first step at the time she fell; consequently, the court cannot say that the ordinary person using reasonable care would not have stepped on said debris. It follows that the question whether Mrs. Caldwell was guilty of contributory negligence was a question of fact for the jury.

■ The only reason argued by the defendant in support of its motion for a new trial was that the court erred in permitting an amendment of the complaint wherein it was alleged that arthritis resulted by reason of the accident and the evidence received in support of said amendment. Rule 15(b) of Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c, provides: " * * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."

The trial of this case started Thursday, December 21, 1939. On Thursday or Friday the plaintiff offered evidence that she had arthritis which resulted from the accident involved. This was objected to. The court then made known to defendant that it would permit an amendment to the complaint and would receive such evidence, as it was known that the case would not be finished on Friday of that week but would continue the day following Christmas, which was Tuesday of the following week. I was not satisfied that the admission of such evidence would prejudice the defendant, and, therefore, allowed the amendment and received evidence offered in support thereof. I am still of the same opinion. The verdict in this case was in such an amount that it does not appear that defendant could have been prejudiced by the ruling. If either of the parties had a right to object to the amount of the verdict, it was the plaintiffs. The motion for a new trial should, therefore, be refused.

892

### Additional Opinion.

Since the argument of the motions now before the court, the filing of briefs by plaintiffs' and defendant's attorneys and the writing of the foregoing opinion, the defendant, in what it designates a "Reply Brief," has argued for the first time, in support of the motion to set aside the judgment entered, that there was not sufficient evidence of negligence to submit to the jury and that defendant's request for binding instructions for this reason should have been granted. This contention cannot be sustained.

It appears in the evidence that Mrs. Moran, the sister-in-law of Mrs. Caldwell, on arrival at defendant's store, went to the basement, going down the stairway involved; that on going down, she saw a man sweeping the flight of stairs above the landing; that upon her return to the first floor, about thirty minutes afterwards, she saw a pile of sweepings on the first step below the landing; that after remaining on the first floor with Mrs. Caldwell five to ten minutes, she proceeded to return with Mrs. Caldwell to the basement, and that Mrs. Caldwell, by reason of the sweepings, slipped on the first step below the landing. These facts made the questions of negligence of the defendant and the alleged contributory negligence of Mrs. Caldwell questions of fact for the jury. The jury found in favor of the plaintiffs; the verdict was moderate. It should not be disturbed now.